**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
__Southern__ District of __New York__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | Caribbean Commercial Investment Bank Ltd. |
| **2. All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |
| **3. Debtor's federal Employer Identification Number (EIN)** | __ - n/a |

**4. Debtor's address**

Principal place of business:
2 St. Mary's Street
The Valley
Anguilla (County)

Mailing address, if different from principal place of business:
c/o FTI Consulting
Attn: William Tacon and Ian Morton
P.O. Box 993
Palm Grove House, 4th Floor
Wickham's Cay I, Road Town, Tortola, VG1110, British Virgin Islands

Location of principal assets, if different from principal place of business:
Principal assets are causes of action and retainer in SDNY

**5. Debtor's website (URL)**  http://www.ccib.ai/

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Caribbean Commercial Investment Bank Ltd.    Case number (*if known*) _____
          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201 A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.    District    SDNY    When  10/11/2016   Case number  16-12844-smb
                                         MM / DD / YYYY
         District _____  When _____ Case number _____
                                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.   Debtor _____    Relationship _____
         District _____   When _____
                                                  MM / DD / YYYY
         Case number, if known _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2



Debtor Caribbean Commercial Investment Bank Ltd.    Case number (if known) _____
        Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**
_____
Number    Street

_____
City                    State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 3

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor  Caribbean Commercial Investment Bank Ltd.          Case number (if known) _____
        Name

**16. Estimated liabilities**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [x] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/21/2016
            MM / DD / YYYY

X /s/ _____            William Tacon
Signature of authorized representative of debtor    Printed name

Title  Foreign Representative

**18. Signature of attorney**

X /s/ _____    Date  11/22/2016
Signature of attorney for debtor          MM / DD / YYYY

James C. McCarroll
Printed name
Reed Smith LLP
Firm name
599         Lexington Avenue
Number      Street
New York                               NY           10022
City                                   State        ZIP Code

212-521-5400                           JMcCarroll@ReedSmith.com
Contact phone                          Email address

JM2758                                 NY
Bar number                             State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4
American LegalNet, Inc.
www.FormsWorkFlow.com

## WRITTEN CONSENT OF ADMINISTRATOR OF
## CARIBBEAN COMMERCIAL INVESTMENT BANK LTD.

The undersigned, William Tacon, having been appointed as administrator (with the powers of a liquidator) of Caribbean Commercial Investment Bank Ltd., an Anguillan Company, (the "Company") does hereby adopt, by unanimous consent, the following resolutions for and on behalf of the Company, as if they were adopted at a duly called meeting of the board of directors.

**WHEREAS,** by an Order dated February 22, 2016 (the "First Administration Order"), the Eastern Caribbean Supreme Court in the High Court of Justice Anguilla Circuit (the "High Court") placed the operations of the Company under administration pursuant to section 31(2)(b) of the Financial Services Commission Act.

**WHEREAS,** by the First Administration Order, the High Court appointed William Tacon as the Administrator of the Offshore Banks ("Tacon" or the "Administrator").

**WHEREAS,** as the court-appointed Administrator of the Company, Tacon has complete control of the management of the Company pursuant to section 31(2)(b) of the Financial Services Commission Act, R.S.A. c. F28 (the "FSC Act").

**WHEREAS,** the High Court specifically authorized the Administrator, as an officer of the High Court, "to act in Anguilla or any foreign jurisdiction where he believes assets and property of the Offshore Banks may be Situate . . . [to] commence [or] continue . . . without further Order of this Honorable Court any proceeding or action . . . in a foreign jurisdiction for the purpose of fulfilling his duties and obligations under this Order."

**WHEREAS,** the High Court further authorized the Administrator "to seek the assistance of any Court of a foreign jurisdiction in the carrying out of the provisions of this Order . . ., including without limitation, an order of examination of persons believed to be knowledgeable of the affairs, assets and property of the Offshore Banks and to assist the Administrator in the recovery of the assets and property of the Offshore Banks."

**WHEREAS,** the High Court further authorized the Administrator, to "sell, charge or otherwise dispose of the assets of the Offshore Banks."

**WHEREAS,** the High Court entered an Order dated May 19, 2016 (the "Second Administration Order").

**WHEREAS,** the Second Administration Order expressly conferred upon the Administrator the powers of a liquidator under the Companies Act, as permitted by section 31(3) of the FSC Act.

**WHEREAS,** by an Order dated November 15, 2016, the United States Bankruptcy Court for the Southern District of New York recognized the Administrator as the duly-authorized "foreign representative" of the Company.

NOW, THEREFORE, IT IS HEREBY

**RESOLVED** that the Administrator of the Company is authorized and empowered on behalf of the Company to execute and file a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, and to execute all documents and take any and all actions in furtherance thereof, as he may deem to be necessary or appropriate;

**RESOLVED** that the Administrator is authorized and empowered to retain on behalf of the Company, on such terms as he may determine to be appropriate, in his discretion, the law firm of Reed Smith LLP, to represent the Company in connection with such Chapter 11 case; and in connection therewith, the Administrator is authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Reed Smith LLP;

**RESOLVED** that the Administrator is authorized and empowered to retain Weinberg Zareh & Geyerhahn LLP on behalf of the Company, on such terms as the Administrator may determine to be appropriate, in his discretion, in connection with the Chapter 11 case;

**RESOLVED** that the Administrator is authorized and empowered to retain on behalf of the Company, on such terms as he may determine to be appropriate, in his discretion, other professionals to assist the Company in connection with the Chapter 11 case; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by Tacon, in his capacity as the Administrator of the Company, in connection with seeking relief from the United States Bankruptcy Courts for the Southern District of New York and any matter related thereto, or by virtue of these resolutions, are hereby in all respects ratified, confirmed, and approved.

**Dated: November 21, 2016**

_____
William Tacon, Administrator and
Foreign Representative

REED SMITH LLP
James C. McCarroll
Jordan W. Siev
Kurt F. Gwynne (*pro hac vice* pending)
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: jmccarroll@reedsmith.com
       jsiev@reedsmith.com
       kgwynne@reedsmith.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>Caribbean Commercial Investment Bank Ltd.,<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 16-_____ |
|---|---|

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1)**
**AND 7007.1 AND LOCAL BANKRUPTCY RULE 1007-3**

The following entity owns, directly or indirectly, 10% or more of the equity interests in Caribbean Commercial Investment Bank Ltd. ("Debtor"):

| ENTITY NAME | PERCENTAGE OF OWNERSHIP |
|---|---|
| **Caribbean Commercial Bank (Anguilla) Ltd. ("CCB")** | 100% |

CCB is the sole shareholder of the Debtor. CCB was incorporated pursuant to the laws of Anguilla as a privately-owned company.

On April 22, 2016, Eastern Caribbean Central Bank appointed a receiver for the CCB pursuant to section 137 of Anguilla's Banking Act, No. 6 of 2015.

Pursuant to Local Bankruptcy Rule 1007-3, the Debtor states that it does not own (a) directly or indirectly, 10% or more of any class of equity interests in a publicly-traded corporation's or (b) an interest in any general or limited partnership or joint venture.

Dated: November 22, 2016
      New York, New York

Respectfully submitted,

REED SMITH LLP

  /s/ James C. McCarroll
James C. McCarroll
Jordan W. Siev
Kurt F. Gwynne (*pro hac vice* pending)
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: jmccarroll@reedsmith.com
      jsiev@reedsmith.com
      kgwynne@reedsmith.com

*Proposed Counsel for the Debtor and Debtor in Possession*