REED SMITH LLP
James C. McCarroll
Jordan W. Siev
Kurt F. Gwynne (pro hac vice pending)
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: jmccarroll@reedsmith.com
        jsiev@reedsmith.com
        kgwynne@reedsmith.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Caribbean Commercial Investment Bank Ltd.,<br><br>Debtor. | Chapter 11<br><br>Case No.:  16-13311 (SMB) |

**MOTION FOR PROTECTIVE ORDER REGARDING THE CONFIDENTIAL**
**INFORMATION OF THE DEBTOR'S DEPOSITORS PURSUANT TO**
**SECTIONS 105 AND 107 OF THE BANKRUPTCY CODE AND**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(j) AND 9037**

Caribbean  Commercial  Investment  Bank  Ltd.  (the  "Debtor")  moves  the  Court  (the

"Motion") for entry of a protective order, pursuant to section 107 of title 11 of the United States

Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 1007(j) and 9037 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) waiving the requirement to include

the names, addresses and other confidential information of the Depositors (as defined below) on

lists, schedules and other filings required to be filed pursuant to Bankruptcy Rules and the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"); (ii) allowing a list

of Depositors to be filed under seal and impounded; (iii) providing that the Debtor be allowed to

make any future filings with the names, addresses and other information concerning the Depositors redacted; and (iv) granting such other relief as is appropriate.

In support of the Motion, the Debtor relies upon and incorporates by reference the Declaration of Eustella Fontaine in Support of the Motion for Protective Order Regarding the Confidential Information of the Debtor's Depositors Pursuant to Section 107 of the Bankruptcy Code and Bankruptcy Rules 1007(j) and 9037 (the "Fontaine Declaration") and the Declaration of William Tacon Pursuant to Local Rule 1007-2 (the "Tacon Declaration").  In further support of the Motion, the Debtor, by and through its undersigned proposed counsel, respectfully represents as follows:

## Notice Under Fed. R. Civ. P. 44.1

1.    Pursuant to Federal Rule of Civil Procedure 44.1, as made applicable to this proceeding by Fed. R. Bankr. P. 9017, the Debtor hereby gives notice that it intends to raise an issue of foreign law, specifically, the Anguillian Confidential Relationships Act, R.S.A. c. C85.

## Jurisdiction and Venue

2.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.    The predicates for the relief sought herein are sections 105 and 107 of the Bankruptcy Code and Bankruptcy Rules 1007(j) and 9037.

4.    Venue of this case and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Factual Background**

A.    **Generally**

5.    The Debtor is a commercial bank incorporated and licensed in Anguilla, with its headquarters located at 2 St. Mary's Street, The Valley, Anguilla.  The Debtor is wholly-owned by the Caribbean Commercial Bank (Anguilla) Ltd. ("CCB"), which was incorporated pursuant to the laws of Anguilla as a privately-owned company.

6.    On August 12, 2013, the Eastern Caribbean Central Bank (the "ECCB"), which was the regulator of CCB, placed the affairs of CCB into conservatorship pursuant to the Eastern Caribbean Central Bank Agreement Act.

7.    Between August 12, 2013 and March 24, 2016, the Debtor's affairs were conducted in accordance with instructions given by, and under the management control of, individuals appointed by the ECCB as conservators of CCB.

8.    The Debtor was regulated by the Financial Services Commission in Anguilla ("FSC").  In light of developments with the conservatorship of CCB (as discussed generally in the Tacon Declaration at ¶¶ 9-20), the FSC found it was no longer appropriate to maintain the *status quo*, and determined that the appointment of an independent representative would best protect the rights of the Debtor and its creditors.  Accordingly, upon application of the FSC and by order dated February 22, 2016, the Eastern Caribbean Supreme Court in the High Court of Justice Anguilla Circuit (the "High Court") (a) placed the Debtor's operations under administration pursuant to section 31(2)(b) of the Financial Services Commission Act, R.S.A. c. F28 (the "FSC Act") and (b) appointed William Tacon as the administrator of the Debtor (the "Administrator").

9.    On April 22, 2016, the ECCB appointed a receiver to CCB.  At 4:00 p.m. on April 22, 2016, CCB ceased banking operations in Anguilla.  According to a press release issued by the

ECCB, CCB's banking operations were transferred on April 22, 2016, to National Commercial Bank of Anguilla Ltd ("NCBA"), a newly established bank apparently wholly-owned by the Government of Anguilla.

10.    At the close of business on April 22, 2016, the Debtor ceased accepting new deposits.

11.    By an Order dated May 19, 2016, the High Court conferred upon the Administrator the powers of a liquidator under the Companies Act, R.S.A. c C65, as permitted by section 31(3) of the FSC Act.

12.    On October 11, 2016, the Administrator filed in this Court a petition under Chapter 15 of the Bankruptcy Code seeking recognition of the Anguillian Proceeding as a foreign main proceeding (Case #16-12844 -smb).  On November 15, 2016, the Bankruptcy Court entered an *Order Granting Verified Petition for Recognition of Foreign Proceeding Under Chapter 15 and Motion in Support of Verified Petition and for Related Relief* (the "Recognition Order"), thereby recognizing the Anguillian Proceeding as a "foreign main proceeding" and the Administrator as the Debtor's "foreign representative." *See* Recognition Order, Case #16-12844-smb, ECF No. 16.

13.    On the date hereof (the "Petition Date"), the Administrator filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in this Chapter 11 case.  The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 case, is set forth in detail in the Tacon Declaration.

**B.    The Debtor's Depositors**

14.    There are approximately 335 known depositors of the Debtor.

15.    Of those known depositors, the Administrator has determined that approximately 330 depositors have positive balances (the "Depositors") and, therefore, are creditors.[1]

16.    The Depositors are the only known creditors of the Debtor.    Therefore, the Depositors would constitute the creditors to be listed, among other places, on the Debtor's twenty largest unsecured creditors, the Debtor's creditor matrix, and the Debtor's Schedule F.

**Anguillian Law Criminalizes the Disclosure of
Confidential Information Concerning the Depositors.**

17.    Anguillian law criminalizes the disclosure of certain nonpublic, confidential information concerning the Depositors.    Specifically, the Confidential Relationships Act, R.S.A. c. C85 (the "Privacy Act"), provides criminal penalties for disclosure of certain confidential information.    The Privacy Act applies to:

> all confidential information with respect to business of a professional nature that arises in or is brought into Anguilla and to all persons who come into possession of that information at any time thereafter, whether within or without Anguilla.

R.S.A. c. C85(2)(1); *see* Fontaine Declaration at ¶ 7.    Confidential information includes "information … relating to any business of a professional nature." R.S.A. c. C85(1); *see* Fontaine Declaration at ¶ 7.    Business of a professional nature includes "the relationship between a bank and a customer of that bank." *Id*.

18.    The penalties for violating the Privacy Act, (a) for an individual, include a fine ranging from $25,000 (nonprofessional person) to $50,000 (professional person), imprisonment for up to 12 months, or both, and (b) for a body corporate, a fine ranging from $125,000 to $250,000. R.S.A. c. C85(3)(6) & (8); *see* Fontaine Declaration at ¶ 7.

---

[1] The other depositors have zero or negative account balances. Therefore, those depositors are not creditors.

19.    As a result, the filing of the names, addresses and other information concerning the Depositors, which would normally be included on a list of the 20 largest unsecured creditors, a creditor matrix, schedules, certificates of service, and other documents, would be a violation of Anguillian law and could subject the Debtor and the Administrator to criminal penalties, including large fines and/or imprisonment.

### Relief Requested

20.    Pursuant to sections 105 and 107 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 1007 and 9037, and Local Rule 1007-1, the Debtor respectfully requests that this Court enter an order, substantially in the form of the attached Proposed Order, (i) waiving the requirement to include the names, addresses and other confidential information of the Depositors on lists (including, without limitation, the creditor matrix and list of twenty largest unsecured creditors), schedules (including, without limitation, Schedule F), certificates of services and other documents required to be filed; (ii) allowing an unredacted list of Depositors and a list of the twenty largest unsecured Depositors to be filed under seal and impounded; (iii) providing that the Debtor and other parties in interest are allowed to make any future filings with the names, addresses and other confidential information of Depositors redacted; and (iv) granting such other relief as is appropriate.  The Office of the United States Trustee has reviewed and approved the form of proposed Order attached hereto as Exhibit B.

### Bases for Relief

**A.    The Bankruptcy Code and Rules Authorize the Confidential Treatment of the Depositors' Information.**

21.    Bankruptcy Rule 1007 and Rule 1007-1 of the Local Bankruptcy Rules of the Southern District of New York require a debtor to file various documents, including a creditor matrix, list of 20 largest unsecured creditors, schedules of assets and liabilities and a statement of

financial affairs. *See* Fed. R. Bankr. P. 1007, Local R. Bankr. P. 1007-1. In completing these

documents, a debtor normally would provide the names, addresses and account balances and other

information relating to the Depositors, who are creditors of the Debtor.

22. Bankruptcy Rule 1007 provides for the protection of confidential information in

"lists" as follows:

> On motion of a party in interest and for cause shown the court may direct
> the impounding of the lists filed under this rule, and may refuse to permit
> inspection by any entity. The court may permit inspection or use of the
> lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j).

23. Although Rule 1007(j) applies only to "lists," Bankruptcy Rule 9037 provides

more general protection. Rule 9037 provides for redaction of certain information, including

account numbers (except for the last four digits), in "an electronic or paper filing made with the

court." *See* Fed. R. Bankr. P. 9037(a)(4). Rule 9037, however, more generally provides

that,"[f]or cause," a bankruptcy may "require redaction of additional information" or "limit or

prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Bankr.

P. 9037(d)(1) and (2).

24. Section 107(b) of the Bankruptcy Code provides, in relevant part, that "[o]n

request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to . . .

confidential . . . commercial information." 11 U.S.C. § 107(b)(1).[2] Section 105(a) authorizes this

to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title." 11 U.S.C. § 105(a).

25.    Sections 105 and 107 and Bankruptcy Rules 1007(j) and 9037 provide sufficient

bases for the relief requested in this Motion.

26.    Recognizing that the filings required under Bankruptcy Rule 1007 could include

sensitive and confidential information, the Bankruptcy Rules include an explicit provision

allowing for the Court to "direct the impounding of the lists filed under [Bankruptcy Rule 1007],

and may refuse to permit inspection by any entity." Fed. R. Bankr. P. 1007. The Debtor requests

that the court exercise this authority and refuse any inspection (except by the United States

Trustee)[3] of lists filed pursuant to Bankruptcy Rule 1007 that include the name and addresses of

Depositors.

27.    In addition, Bankruptcy Rule 9037 allows the Court to require redaction of

additional material. Here the Debtor requests that it be allowed to withhold, in all filings with this

---

[2] Section 107(c) of the Bankruptcy Code provides, in relevant part, that "[t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title" or "[o]ther information contained in a paper described in subparagraph (A)." 11 U.S.C. § 107(c)(1)(A)-(B). Section 1028(d)(7) of title 18 defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

    (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
    (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
    (C) unique electronic identification number, address, or routing code; or
    (D) telecommunication identifying information or access device (as defined in section 1029(e));

18 U.S.C. § 1028(d)(7).

[3] Section 107(c)(3) provides that the United States Trustee "shall have full access to all information contained in any paper filed or submitted in a case under this title" and "shall not disclose information specifically protected by the court under this title." See 11 U.S.C. § 107(c)(3)(A)-(B).

court, including schedules and the statement of financial affairs, the names, addresses and other confidential information of the Depositors, without the need to apply for an additional order.

28.     Courts have previously allowed documents containing the names, addresses and other confidential information of creditors, including lists of creditors and schedules to be filed under seal or impounded. *See, e.g., In re National Anguilla (Private Banking & Trust) Ltd.*, Case No. 16-11806 (MG) (Bankr. S.D.N.Y. Aug. 8, 2016) (entering nearly identical order as that sought by this Motion so as to permit the Debtor and its representatives to comply with the Anguillian Confidential Relationships Act); *In re EPIC Assocs. V*, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985) (sealing and impounding under Bankruptcy Rule 1007(j) certain pleadings and portions of the schedules and statements of affairs in order to prevent a run on banks that were negatively impacted by the bankruptcy); *In re Frontier Group, LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (allowing the sealing of the list of creditors where debtor was a brokerage agency for the placement of physicians in emergency rooms and the list of its physician creditors was key to its business.); *In re Diocese of Duluth*, No. 15-50792 (Bankr. D. Minn. Dec. 17, 2015) (granting debtor's motion to file under seal all documents, including creditor lists and schedules, containing the names and addresses of potential abuse victims); *In re Catholic Bishop of Northern Alaska*, No. 08-00110 (Bankr. D. Alaska Mar. 6, 2008) (same). A copy of each of the unpublished Orders is attached as Exhibit A.

29.     On remarkably similar facts, the United States Court of Appeals for the Second Circuit previously addressed the conflict between foreign bank privacy laws and the requirement to file a list of creditors and schedules in the case of *Banque de Financement, S. A. v. The First Nat'l Bank of Boston (In re Banque de Financement, S. A.)*, 568 F.2d 911 (2d Cir. 1977). A Swiss banking corporation, Banque de Financement, S. A. ("BDF"), was the subject of insolvency

proceedings in Switzerland. BDF filed a case under Chapter IX of the Bankruptcy Act for the purpose of avoiding a purported preferential transfer and recovering certain assets in the United States, after which the assets would be marshalled and distributed in the Swiss proceeding. *Id.* at 914. Certain creditors sought to dismiss the case for, among other reasons, the debtor's inability, pursuant to Swiss bank secrecy law, to file a list of creditors as required by both the Bankruptcy Act and bankruptcy rules. *Id.* at 914-15. The Bankruptcy Court granted the motion to dismiss, and, on appeal, the District Court affirmed the dismissal. *Id.* at 915. On further appeal, however, the Second Circuit reversed the dismissal and addressed the issue presented by the inability to file a list of creditors at length. *Id.* at 917-20.

30. The Second Circuit noted that the failure by BDF to file a list of creditors was not aimed at obtaining an advantage over the creditors, but rather to protect them and to avoid criminal penalties. *Id.* at 919. It held that the scheduling requirements should not be strictly upheld and the court and debtor should work to fashion a solution. *Id.* at 920 ("Far from being intended by the drafters, the result of strict enforcement of the scheduling requirements in this case would be anomalous. A rule intended to protect creditors would be applied to foreclose equal distribution of the assets among creditors in a situation where the objectives of the rule might well be satisfied by other means.").

31. Here, to avoid potential criminal offenses and related penalties, the Debtor requests that it be allowed to withhold from public disclosure the names, addresses and other confidential information of the Depositors as required by Anguillian law, while continuing to provide notice of these proceedings to the Depositors.

**B.      Providing the Depositors with Notice and Insuring their Opportunity to Participate in the Chapter 11 Case.**

32.      The Debtor still intends to serve notices and other documents upon the Depositors in accordance with the requirements of the Bankruptcy Code and applicable Bankruptcy Rules and Local Rules.  Of course, any Depositor may participate in the proceeding should they wish to make their identity public.

33.      To enable the Depositors to request notices under Bankruptcy Rule 2002(i) without having to file publicly a request for notices with the Court, the Debtor will advise the Depositors (by a notice transmitted by email) that they can submit to the Administrator written requests for notices.  The Debtor also will advise the Depositors that they can receive notice and service by email if they so choose (which may be quicker and more reliable than international mail or courier service).

34.      Upon written request of any party in interest, the Debtor will serve (or have the Noticing Agent serve) for such party in interest any motion, application, response, objection, or other document in a contested matter, upon, as appropriate, all of the Depositors, the Depositors who constitute the top twenty (20) largest unsecured creditors, or the Depositors who filed Requests for Notice; *provided, however,* that the United States Trustee also shall have access to the list of Depositors who file Requests for Notices and may serve his own motions or other papers on such Depositors; *provided, further, however,* that the United States Trustee shall identify the Depositors in any certificate of service solely by reference to their Numeric Identifiers.

35.      Nothing in the proposed Order prohibits Depositors from voluntarily disclosing their names, addresses, or account balances.  Upon (and to the extent of) any Depositor's voluntary disclosure of such Depositor's name, address, or account balance, such information

voluntarily disclosed by the Depositor would (a) be considered public information for all purposes in this case, (b) not be considered confidential, and (c) not be subject to protection from further disclosure pursuant to the terms of the proposed Order.

36.    The proposed Order also provides a mechanism for the United States Trustee to solicit the Depositors with respect to their interest in serving on an official committee of unsecured creditors.  Any Depositor that chooses to serve on the creditors' committee would thereby agree to the disclosure of their otherwise confidential information.

37.    As indicated above, a nearly identical order was entered by Judge Martin Glenn in a similar case, with the approval of the United States Trustee and the Clerk of the Bankruptcy Court.  *See, e.g., In re National Anguilla (Private Banking & Trust) Ltd.*, Case No. 16-11806 (MG) (Bankr. S.D.N.Y. Aug. 8, 2016).

## Notice

38.    Notice of the Motion will be provided to (i) the Debtor; (ii) the Administrator; (iii) Honorable William K. Harrington, the U.S. Trustee for the Southern District of New York; and (iv) the Depositors (via email in .pdf).

39.    The Debtor submits that no other or further notice need be provided.

## No Prior Request

40.    No previous request for the relief sought requested herein has been made to this or any other Court.

## Satisfaction of Local Rule Bankruptcy Rule 9013-1(A)

41.    This Motion contains citations to the relevant authorities and, therefore, satisfies Rule 9013-1(a) of the Local Rules.

## Conclusion

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the Proposed Order attached as Exhibit B, (i) waiving the requirement to include the names, addresses and other confidential information of the Depositors on lists, including the creditor matrix and list of largest unsecured creditors, schedules and other filings required to be filed pursuant to Fed. R. Bankr. P. 1007 and Local Rule 1007-1; (ii) allowing a list of Depositors to be filed under seal and impounded; (iii) providing that the Debtor and other parties in interest be allowed to make any future filings with the names, addresses and other confidential information of the Depositors redacted; and (iv) granting such other relief as is set forth in the proposed Order or as is otherwise appropriate.

Dated:  November 22, 2016
New York, New York

Respectfully submitted:

REED SMITH LLP

By:  /s/ James C. McCarroll
James C. McCarroll
Jordan W. Siev
Kurt F. Gwynne (pro hac vice pending)
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: jmccarroll@reedsmith.com
    jsiev@reedsmith.com
    kgwynne@reedsmith.com

*Proposed Counsel for the Debtor and Debtor in Possession*

- 13 -

# EXHIBIT A

**(Unreported Orders/Opinions)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| National Bank of Anguilla (Private Banking & Trust) Ltd., | Case No.: 16-11806 (MG) |
| Debtor. | |

## PROTECTIVE ORDER REGARDING THE CONFIDENTIAL INFORMATION OF THE DEBTOR'S DEPOSITORS PURSUANT TO SECTIONS 105 AND 107 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(j) AND 9037

Upon the *Motion for Protective Order Regarding the Confidential Information of the Debtor's Depositors Pursuant to Sections 105 and 107 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 1007(j) and 9037* (the "Motion"),[1] filed by the Debtor, and upon consideration of the *Fontaine Declaration* and any other evidence offered at the hearing; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal, evidentiary and factual bases set forth in the documents filed with the Court establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that

1.    The Motion is GRANTED to the extent provided herein.

2.    All objections and reservations of rights, if any, relating to the Motion that have not been withdrawn, waived, or otherwise resolved are overruled and denied.

### The Depositors List and Impoundment Thereof

3.    The Debtor shall file, under seal, an unredacted list (in alphabetical order) of, to the extent such information is available to the Debtors, the names, addresses, and account

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

balances of the Depositors (as may be amended from time to time, the "Depositors List"). In the Depositors List, the Debtor also shall assign a number (starting at "1" and ending with the number assigned to the last Depositor) to each of the Depositors (collectively, the "Numeric Identifiers"). Pursuant to Bankruptcy Rule 9037(f), any reference in this case to a Numeric Identifier will be construed to refer to the corresponding Depositor.

4.  The Depositors List shall constitute the Debtor's mailing matrix pursuant to Bankruptcy Rule 1007(a)(1).

5.  The Depositors List shall be impounded, and no party in interest other than the United States Trustee shall be permitted to inspect the Depositors List. Notwithstanding the foregoing, the Court reserves the right to consider whether the members or counsel of any statutory committee of unsecured creditors (the "Committee") should have access to such Depositors List and/or any other unredacted documents referred to in this Order (and the terms and conditions of any such access). For the avoidance of doubt, nothing herein shall prejudice the right of any Committee or its counsel to seek access to such Depositors List and any other unredacted documents referred to in this Order or the right of any other party in interest to oppose or condition such access.

6.  Pursuant to Bankruptcy Rule 9037(f), the Depositors List may be amended as of right and re-filed under seal as amended.

7.  The Debtor shall deliver a copy of the Depositors List and all amendments thereto to (a) this Court's Chambers, (b) the United States Trustee, and (c) any claims and noticing agent employed pursuant to 28 U.S.C. § 156(c) (the "Noticing Agent").[2]

---

[2] If the Debtor subsequently employs a solicitation and balloting agent under section 327 of the Bankruptcy Code, such agent also shall be considered a "Noticing Agent" for purposes of this Order. The Debtor shall deliver a copy of this Order to such Noticing Agent.

**Filing Documents Under Seal and, Publicly, as Redacted**

8.      The Debtor shall file, under seal, its list of twenty (20) largest unsecured creditors (as may be amended, the "Top 20 List") and its schedules and statements of financial affairs (including any amendments thereto, the "Schedules and Statements").

9.      The Debtor shall deliver the Top 20 List and the Schedules and Statements to (a) this Court's Chambers, (b) the United States Trustee, and (c) the Noticing Agent.

10.      In addition, the Debtor shall file publicly a redacted version of its Top 20 List and its Schedules and Statements.  Those redaction versions shall not include the names or addresses of the Depositors.  The redacted Top 20 List and Schedules and Statements, however, shall (a) identify Depositors by the Numeric Identifier assigned to such Depositor and (b) list the account balance of such Depositor.

11.      The Debtor, the United States Trustee, and the Noticing Agent shall file redacted versions of such certificates of service and other documents, which identify the Depositors solely by referencing their Numeric Identifiers (and account balances, if necessary).  The Depositors' names and addresses shall not be disclosed in such redacted versions.

**Solicitation of Depositors for Statutory Committee**

12.      The United States Trustee may solicit (individually, and not as a group) the top twenty (20) largest unsecured Depositors with respect to their interest in serving on a statutory committee of unsecured creditors.  Any Depositor that desires to serve on the statutory committee of unsecured creditors must agree affirmatively and in writing to the public disclosure (including, without limitation, on the public docket) of such Depositor's name, telephone

- 3 -

number, street and email addresses, and account balance(s).[3]   As a result of such written

consents, the name, telephone number, street and email addresses, and account balances, of all

statutory committee members shall be considered public information and will not be subject to

the terms of this Order other than this paragraph 12.

### Depositors' Requests for Notice

13.   To enable the Depositors to request notices under Federal Rule of Bankruptcy

Procedure 2002(i) without having to file requests for notices with the Court, the Debtor will

advise the Depositors (by a notice transmitted by email) that they can submit to the

Administrator written requests for notices (the "Requests for Notices").

14.   The Debtor shall file, under seal, a "List of Depositors Requesting Notice

Pursuant to Bankruptcy Rule 2002."

15.   The Debtor shall deliver a copy of the List of Depositors Requesting Notice

Pursuant to Bankruptcy Rule 2002 to (a) this Court's Chambers and (b) the United States

Trustee.

16.   The Debtor also shall file publicly a redacted version of the List of Depositors

Requesting Notice Pursuant to Bankruptcy Rule 2002, which shall identify the Depositors who

submitted Requests for Notices solely by their Numeric Identifiers.

17.   The Debtor, the Noticing Agent and, if applicable, the Committee shall not email

unredacted documents to the UST.

### Service Upon Depositors; Retention of Noticing Agent

18.   The Debtor may serve each Depositor by email absent a request for service by

mail from such Depositor.

---

[3]      The United States Trustee shall provide a copy of such written consents to counsel for the Debtor.  For the
avoidance of doubt, such consent shall not apply to any information that should be redacted pursuant to Bankruptcy
Rule 9037(a).

19.    Pursuant to Local Bankruptcy Rule 5075-1 and 28 U.S.C. § 156(c), at the expense of the Debtor's estate, the Debtor shall retain (subject to approval of this Court) a Noticing Agent.  Pursuant to 28 U.S.C. § 156(c) and Bankruptcy Rule 2002(a), the Noticing Agent shall serve all documents that otherwise would be served by the Clerk of the Court.

20.    Upon written request of any party in interest, the Debtor will serve (or have the Noticing Agent serve) for such party in interest any motion, application, response, objection, or other document in a contested matter, upon, as appropriate, all of the Depositors, the Depositors who constitute the top twenty (20) largest unsecured creditors, or the Depositors who filed Requests for Notice; *provided, however*, that the United States Trustee also shall have access to the list of Depositors who file Requests for Notices and may serve his own motions or other papers on such Depositors; *provided, further, however,* that the United States Trustee shall identify the Depositors in any certificate of service solely by reference to their Numeric Identifiers.

### U.S. Trustee Handling and Destruction of Depositor List

21.    As provided in section 107(c)(3)(B) of the Bankruptcy Code, the United States Trustee shall not disclose the information protected from disclosure under this Order.

22.    The United States Trustee, the Clerk of the Court, and each Noticing Agent shall destroy all copies of the Depositor List and all information protected from disclosure under this Order (a) upon the earlier of the dismissal of this case or an order closing this case, or (b) as otherwise ordered by the Court.

### Voluntary Disclosure by Depositor

23.    Upon (and to the extent of) any Depositor's voluntary disclosure of such Depositor's name, address, or account balance, such information voluntarily disclosed by the

- 5 -

Depositor shall (a) be considered public information for all purposes in this case, (b) not be considered confidential, and (c) not be subject to protection from further disclosure pursuant to the terms of this Order.

### Miscellaneous

24.    The Debtor and the Administrator are authorized to take all actions necessary to effectuate the relief granted by this Order without notice or further order of the Court.

25.    This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Order or its implementation.

26.    This Order is without prejudice to any confidentiality protocol regarding filing of proofs of claim and objections to proofs of claim

27.    This Order shall be effective and enforceable immediately upon its entry.

**IT IS SO ORDERED.**

Dated:    August 8, 2016
          New York, New York

                              _____/s/Martin Glenn_____
                              MARTIN GLENN
                              United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Diocese of Duluth,

      Debtor.

Case No.: 15-50792

Chapter 11

**ORDER GRANTING MOTION FOR EXPEDITED RELIEF AND
AUTHORIZING THE DEBTOR TO FILE PORTIONS OF SCHEDULE F, THE
MASTER MAILING MATRIX AND OTHER PLEADINGS AND DOCUMENTS
UNDER SEAL AND RELATED RELIEF**

This case is before the court upon the Diocese of Duluth's motion for expedited relief and

for an order authorizing the debtor to file portions of Schedule F, the master mailing matrix and

other pleadings and documents under seal, and related relief.

Based on the motion and the file,

IT IS ORDERED:

    (1)    The debtor's motion for expedited relief is granted;

    (2)    The debtor is authorized to file under seal those portion of Schedule F and the

           master mailing matrix and the list of its ten largest creditors that disclose

           identifying information of individuals who have, either informally, formally, or

           through a lawsuit, notified the debtor that they were sexually abused by clergy

           members or other persons employed by Catholic entities and have, could, or

           might assert claims against the debtor arising out of such abuse, and are not

           otherwise represented by counsel who may accept service on behalf of those

           individuals.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 12/17/2015
Lori Vosejpka, Clerk, by LH

(3)     The clerk of court shall not provide any notices to those creditors on Schedule F filed under seal.   The debtor's counsel shall provide such notices, under Bankruptcy Rule 2002(f) and otherwise, and file a certificate of service certifying that those individuals whose identifying information has been provided under seal have been served.

(4)     The debtor is authorized to provide copies of the sealed portions of any such pleadings, reports, or documents to the Office of the United States Trustee in accordance with 11 U.S.C. § 107(c)(3), as necessary.

(5)     The United States Trustee is authorized to use such sealed documents in the discharge of its duties and obligations, including but not limited to solicitation and appointment of any committee under 11 U.S.C. § 1102 but as protected by 11 U.S.C. § 107(c)(3).

(6)     The debtor is authorized to provide sealed reports, documents, and pleadings to court-approved counsel for any committee appointed under 11 U.S.C § 1102, but only after confidentiality procedures are agreed upon between the debtor and such counsel.

(7)     The debtor's authorization to file the documents referenced in paragraph 2 of this order under seal shall be carried out in accordance with the directions of the clerk of court.

Dated:   December 17, 2015

/e/ Robert J. Kressel
Robert J. Kressel
United States Bankruptcy Judge

Susan G. Boswell, Esq. (AZ #004791)
Kasey C. Nye, Esq. (AZ#020610)
Lori L. Winkelman, Esq. (AZ#021400)
QUARLES & BRADY LLP
One South Church Avenue
Suite 1700
Tucson, Arizona 85701-1621
Telephone:    (520) 770-8700
Facsimile:    (520) 770-2222
Email: sboswell@quarles.com
Email: knye@quarles.com
Email: lwinkelm@quarles.com

Michael R. Mills, Esq. (AK #891174)
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
Facsimile:    (907) 276-4152
Email: mills.mike@dorsey.com

Proposed Attorneys for Debtor, Catholic Bishop of Northern Alaska

```
                              Filed On
                               3/6/08
```

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaska religious corporation sole, <br><br> Debtor. | Case No. F08-00110-DMD <br><br> (Chapter 11) |

**ORDER GRANTING DEBTOR'S MOTION AUTHORIZING DEBTOR TO FILE PORTIONS OF SCHEDULE F, THE MASTER MAILING LIST AND OTHER PLEADINGS AND DOCUMENTS UNDER SEAL AND RELATED RELIEF**

This matter came before the Court on Motion of the Catholic Bishop of Northern Alaska, an

Alaska religious corporation sole, the debtor and debtor-in-possession ("CBNA" or the "Debtor") in the above captioned Chapter 11 reorganization case (the "Reorganization Case"). In the Motion, the Debtor seeks an Order pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 1007(j) and 9018 authorizing the Debtor to file portions of Schedule F, the Master Mailing List and any other pleadings, reports or other documents, under seal, that might be filed from time to time in the Reorganization Case, which disclose the names of claimants who allege that they were sexually abused, and authorizing the Debtor to provide copies of the sealed portions of any such pleadings, reports, or documents to the Office of the United States Trustee. Based upon the Motion, the entire record in this Reorganization Case and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

A.    The Motion of the Debtor is approved on the terms contained in this Order.

B.    The Debtor shall maintain the confidentiality of the identities of claimants of sexual abuse including names of claimants and any other identifying information such as a social security number, address, telephone number, names of close relatives, e-mail addresses, or other similar information (the "Confidential Identifying Information").

C.    The Debtor is authorized to file portions of Schedule F, the Master Mailing List and any other pleadings, reports or other documents that might be filed from time to time in the Reorganization Case containing the Confidential Identifying Information (collectively, the "Sealed Pleadings") under seal pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 1007(j) and 9018.

D.    Notwithstanding the foregoing, (1) the Debtor is authorized and directed to provide the Sealed Pleadings to the Office of the United States Trustee and the United States Trustee is authorized to use the Sealed Pleadings in discharge of its duties and obligations under Title 11 and 28 of the United States Code, including, but not limited to, the solicitation and appointment of any

committee appointed under Title 11, United States Code, Section 1102; and (2) the Debtor is authorized and directed to provide the Sealed Pleading to counsel for any committee appointed under Title 11, U.S.C. § 1102, but only after confidentiality procedures are agreed upon by the Debtor, United States Trustee, and counsel for any committee appointed in this case. Should the parties be unable to jointly agree upon confidentiality procedures, the matter shall be submitted to the court.

  E.  The Debtor, United States Trustee and counsel for any committee shall seek agreement on which members of any committee (chair or all members) shall be entitled to receive Sealed Pleadings, and under what conditions this receipt may occur. Should the parties be unable to jointly agree upon these issues, the matter shall be submitted to the court.

  F.  If any party files a pleading, report or other document that contains the Confidential Identifying Information, that party must file the original pleading containing the Confidential Identifying Information under seal as follows:  (i) For CM/ECF participants, the sealed documents must be filed in accordance with AK LBR 5005-4(g)(1)[B] and the CM/ECF Administrative Procedure Guide; (ii) For all other parties, the sealed documents must be delivered to the Clerk's Office in a sealed envelope. A copy of the Court's order authorizing the sealing of the documents must be attached to the outside of the envelope. If the documents are voluminous (more than 25 pages), the party is strongly encouraged to submit the document on a disc in pdf or other format. The party filing the pleading, report or other document containing the Confidential Identifying Information must serve a copy of the unredacted version on the Debtor and the affected party.

  G.  Any party may file a motion to file a pleading, report, or document under seal (the "Motion to Seal"); the party filing the Motion to Seal shall serve the Motion to Seal on the parties on the Official Limited Service List; the moving party shall provide at least 48 hours notice of the

Motion to Seal, but nothing in this Order will preclude the Court, in its discretion, from acting on the Motion to Seal ex parte, with or without a hearing.

H.      Nothing in this Order, shall constitute a waiver with respect to matters contained in this Order, including, without limitation, a waiver of the right to object to the standing of any party, a waiver of the right to oppose the Motion to Seal under Paragraph F, or a waiver of the right to request that a document be unsealed.

I.      This Order is without prejudice to any confidentiality protocol regarding filing of proofs of claim and objections to proofs of claim.

J.      The Debtor, its officers, employees and agents are authorized to take such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

K.      The Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

DATED this 5th day of March, 2008.


                                        By:___Donald MacDonald IV___
                                             DONALD MacDONALD IV
                                             U.S. Bankruptcy Judge

Serve: S. Boswell, Esq.
       M. Mills, Esq.
       K. Hill, Esq.
       C. Cooke, Esq.
       J. Stang, Esq.
       D. Bundy, Esq.
       Case Mgr.

               03/06/08

# EXHIBIT B

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Caribbean Commercial Investment Bank Ltd.,<br><br>Debtor. | Chapter 11<br><br>Case No.:  16-13311(SMB) |

### PROTECTIVE ORDER REGARDING THE CONFIDENTIAL INFORMATION OF THE DEBTOR'S DEPOSITORS PURSUANT TO SECTIONS 105 AND 107 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(j) AND 9037

Upon the *Motion for Protective Order Regarding the Confidential Information of the Debtor's Depositors Pursuant to Sections 105 and 107 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 1007(j) and 9037* (the "Motion"),[1] filed by the Debtor, and upon consideration of the *Fontaine Declaration*, the *Tacon Declaration* and any other evidence offered at the hearing; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal, evidentiary and factual bases set forth in the documents filed with the Court establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that

1.      The Motion is GRANTED to the extent provided herein.

2.      All objections and reservations of rights, if any, relating to the Motion that have not been withdrawn, waived, or otherwise resolved are overruled and denied.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

**The Depositors List and Impoundment Thereof**

3.      The Debtor shall file, under seal, an unredacted list (in alphabetical order) of, to

the extent such information is available to the Debtor, the names, addresses, and positive account

balances of the Depositors (as may be amended from time to time, the "Depositors List").  In the

Depositors List, the Debtor also shall assign a number (starting at "1" and ending with the

number assigned to the last Depositor) to each of the Depositors (collectively, the "Numeric

Identifiers").  Pursuant to Bankruptcy Rule 9037(f), any reference in this case to a Numeric

Identifier will be construed to refer to the corresponding Depositor.

4.      The Depositors List shall constitute the Debtor's mailing matrix pursuant to

Bankruptcy Rule 1007(a)(1).

5.      The Depositors List shall be impounded, and no party in interest, other than the

United States Trustee, shall be permitted to inspect the Depositors List.  Notwithstanding the

foregoing, the Court reserves the right to consider whether the members or counsel of any

statutory committee of unsecured creditors (the "Committee") should have access to such

Depositors List and/or any other unredacted documents referred to in this Order (and the terms

and conditions of any such access).  For the avoidance of doubt, nothing herein shall prejudice

the right of any Committee or its counsel to seek access to such Depositors List and any other

unredacted documents referred to in this Order or the right of any other party in interest to

oppose or condition such access.

6.      Pursuant to Bankruptcy Rule 9037(f), the Depositors List may be amended as of

right and re-filed under seal as amended.

- 2 -

7.      The Debtor shall deliver a copy of the Depositors List and all amendments thereto to (a) this Court's Chambers, (b) the United States Trustee, and (c) any claims and noticing agent employed pursuant to 28 U.S.C. § 156(c) (the "Noticing Agent").[2]

**Filing Documents Under Seal and, Publicly, as Redacted**

8.      The Debtor shall file, under seal, its list of twenty (20) largest unsecured creditors (as may be amended, the "Top 20 List") and its schedules and statements of financial affairs (including any amendments thereto, the "Schedules and Statements").

9.      The Debtor shall deliver the Top 20 List and the Schedules and Statements to (a) this Court's Chambers, (b) the United States Trustee, and (c) the Noticing Agent.

10.     In addition, the Debtor shall file publicly a redacted version of its Top 20 List and its Schedules and Statements.  Those redaction versions shall not include the names or addresses of the Depositors.  The redacted Top 20 List and Schedules and Statements, however, shall (a) identify Depositors by the Numeric Identifier assigned to such Depositor and (b) list the account balance of such Depositor.

11.     The Debtor, the United States Trustee, and the Noticing Agent shall file redacted versions of such certificates of service and other documents, which identify the Depositors solely by referencing their Numeric Identifiers (and account balances, if necessary).  The Depositors' names and addresses shall not be disclosed in such redacted versions.

**Solicitation of Depositors for Statutory Committee**

12.     The United States Trustee may solicit (individually, and not as a group) the top twenty (20) largest unsecured Depositors with respect to their interest in serving on a statutory committee of unsecured creditors.  Any Depositor that desires to serve on the statutory

---

[2] If the Debtor subsequently employs a solicitation and balloting agent under section 327 of the Bankruptcy Code, such agent also shall be considered a "Noticing Agent" for purposes of this Order.  The Debtor shall deliver a copy of this Order to such Noticing Agent.

committee of unsecured creditors must agree affirmatively and in writing to the public disclosure

(including, without limitation, on the public docket) of such Depositor's name, telephone

number, street and email addresses, and account balance(s).[3] As a result of such written

consents, the name, telephone number, street and email addresses, and account balances, of all

statutory committee members shall be considered public information and will not be subject to

the terms of this Order other than this paragraph 12.

**Depositors' Requests for Notice**

13.    To enable the Depositors to request notices under Federal Rule of Bankruptcy

Procedure 2002(i) without having to file requests for notices with the Court, the Debtor will

advise the Depositors (by a notice transmitted by email) that they can submit to the

Administrator written requests for notices (the "Requests for Notices").

14.    The Debtor shall file, under seal, a "List of Depositors Requesting Notice

Pursuant to Bankruptcy Rule 2002."

15.    The Debtor shall deliver a copy of the List of Depositors Requesting Notice

Pursuant to Bankruptcy Rule 2002 to (a) this Court's Chambers and (b) the United States

Trustee.

16.    The Debtor also shall file publicly a redacted version of the List of Depositors

Requesting Notice Pursuant to Bankruptcy Rule 2002, which shall identify the Depositors who

submitted Requests for Notices solely by their Numeric Identifiers.

17.    The Debtor, the Noticing Agent and, if applicable, the Committee shall not email

unredacted documents to the UST.

---

[3] The United States Trustee shall provide a copy of such written consents to counsel for the Debtor. For the avoidance of doubt, such consent shall not apply to any information that should be redacted pursuant to Bankruptcy Rule 9037(a).

**Service Upon Depositors; Retention of Noticing Agent**

18.    The Debtor may serve each Depositor by email absent a request for service by mail from such Depositor.

19.    Pursuant to Local Bankruptcy Rule 5075-1 and 28 U.S.C. § 156(c), at the expense of the Debtor's estate, the Debtor shall retain (subject to approval of this Court) a Noticing Agent.  Pursuant to 28 U.S.C. § 156(c) and Bankruptcy Rule 2002(a), the Noticing Agent shall serve all documents that otherwise would be served by the Clerk of the Court.

20.    Upon written request of any party in interest, the Debtor will serve (or have the Noticing Agent serve) for such party in interest any motion, application, response, objection, or other document in a contested matter, upon, as appropriate, all of the Depositors, the Depositors who constitute the top twenty (20) largest unsecured creditors, or the Depositors who filed Requests for Notice; *provided, however*, that the United States Trustee also shall have access to the list of Depositors who file Requests for Notices and may serve his own motions or other papers on such Depositors; *provided, further, however,* that the United States Trustee shall identify the Depositors in any certificate of service solely by reference to their Numeric Identifiers.

**U.S. Trustee Handling and Destruction of Depositor List**

21.    As provided in section 107(c)(3)(B) of the Bankruptcy Code, the United States Trustee shall not disclose the information protected from disclosure under this Order.

22.    The United States Trustee, the Clerk of the Court, and each Noticing Agent shall destroy all copies of the Depositor List and all information protected from disclosure under this Order (a) upon the earlier of the dismissal of this case or an order closing this case, or (b) as otherwise ordered by the Court.

**Voluntary Disclosure by Depositor**

23.    Upon (and to the extent of) any Depositor's voluntary disclosure of such

Depositor's name, address, or account balance, such information voluntarily disclosed by the

Depositor shall (a) be considered public information for all purposes in this case, (b) not be

considered confidential, and (c) not be subject to protection from further disclosure pursuant to

the terms of this Order.

**Miscellaneous**

24.    The Debtor and the Administrator are authorized to take all actions necessary to

effectuate the relief granted by this Order without notice or further order of the Court.

25.    This Court retains jurisdiction with respect to any matters, claims, rights, or

disputes arising from or related to this Order or its implementation.

26.    This Order is without prejudice to any confidentiality protocol regarding filing of

proofs of claim and objections to proofs of claim

27.    This Order shall be effective and enforceable immediately upon its entry.


Dated: _____, 2016
       New York, New York


       _____
       UNITED STATES BANKRUPTCY JUDGE